IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

INSCO ENVIRONMENTAL, INC.,

    *Plaintiff,*

vs.

Case No. 23-CV-2164-EFM-GEB

PACIFIC ENVIRONMENTAL GROUP, LLC, ET AL.,

    *Defendants.*

**MEMORANDUM AND ORDER**

    Plaintiff INSCO Environmental, Inc. filed suit against Defendants Pacific Environmental Group, LLC ("Pacific"), W. John Moala, and E. Jared Moala.  Plaintiff claims that Defendants failed to pay it for services provided and seeks to pierce the corporate veil of Pacific to impose liability upon the Moalas.  Before the Court is INSCO's Motion for Default Judgment and Judgment on the Pleadings (Doc. 23).  INSCO seeks default judgment against Pacific in the amount of $166,584.37, plus interest.  In addition, INSCO seeks judgment on the pleadings and requests that the Court pierce the corporate veil and hold John and Jared Moala personally liable for this amount.  For the reasons set forth in more detail below, the Court denies without prejudice INSCO's motion.

## I.     Factual and Procedural Background[1]

INSCO is a corporation providing specialty construction services in Kansas, Missouri, and the surrounding areas. Pacific is a Texas limited liability company with its principal place of business in Texas. W. John Moala and E. Jared Moala are directors and members of Pacific, and they both reside in Texas.

Around June 8, 2022, Pacific contracted with the United States of America to provide asbestos abatement services at Fort Leavenworth in Leavenworth, Kansas (the "Prime Contract"). The next day, Pacific accepted INSCO's bid to complete the first order for asbestos abatement services for five buildings under the Prime Contract and entered into a Subcontract Agreement with INSCO. On or around September 8, 2022, Pacific entered into another Subcontract Agreement with INSCO for a second order of asbestos abatement services.

The Subcontract Agreements expressly incorporated the terms and conditions set forth in INSCO's bid proposals. INSCO timely completed the asbestos abatement services and submitted three invoices on July 29, 2022, August 26, 2022, and October 28, 2022, totaling $140,765. Pacific invoiced the United States for INSCO's services on August 23, 2022, September 9, 2022, and November 8, 2022, in the total amount of $176,577.

Pursuant to the Subcontract Agreements, Pacific was required to pay INSCO "upon full, faithful and prompt performance" of its services. The Subcontract Agreements included a clause that all unpaid invoices were subject to an interest charge of 1.5% per month, which would begin

---

[1] These facts are taken from the Complaint, the exhibits attached to the Complaint, and the exhibits attached to INSCO's Motion for Default Judgment and Judgment on the Pleadings.

accruing the day after the payment was due and would be added to the outstanding balance each month. There were no issues related to INSCO's workmanship.

Pacific received payment from the United States under the Prime Contract for INSCO's services, was paid in full, and received its final payment on the invoices on November 27, 2022. Pacific failed to and refused to pay INSCO for its services. INSCO attempted to resolve the payment disputes informally numerous times, but Pacific ignored INSCO's demands.

On February 2, 2023, John and Jared Moala made the voluntary decision to wind up Pacific's business pursuant to the Texas Business Organizations Code and filed a Certificate of Termination with the Texas Secretary of State. Pacific did not send a written notice of the winding up to INSCO, as required by the Texas Business Organizations Code. In addition, Pacific did not discharge its liabilities and obligations to INSCO or make adequate provision for the discharge of its liabilities and obligations, as required by the Texas Business Organizations Code.

In early February 2022,[2] Robert Wedgeworth, an INSCO partner, texted Lisia Moala, a Pacific employee about Pacific's overdue invoices. Ms. Moala apologized by text and stated that she would check the payment status that afternoon. After this text message, neither Ms. Moala nor any other employee for Pacific contacted INSCO to discuss the invoices. Instead, John and Jared Moala deleted Pacific's website, changed Pacific's status to inactive on SAM.gov, vacated Pacific's office space, and disconnected Pacific's and its employees' phone lines. Pacific still has not paid INSCO.

---

[2] INSCO provides the February 2022 date as the date it contacted Pacific for payment, but INSCO did not enter a subcontract with Pacific until the summer of 2022. Thus, the Court assumes this date is a typographical error.

On April 17, 2023, INSCO filed its Complaint against Pacific, W. John Moala, and E. Jared Moala. INSCO asserts three claims: (1) alter ego, (2) breach of contract, and (3) quantum meruit/unjust enrichment.

On May 9, 2023, E. Jared Moala filed an "Answer" purportedly on behalf of himself and Pacific. The next day, Judge Birzer entered an Order directing Pacific to secure counsel because a corporate entity can only appear in court through an attorney. She directed Pacific to file an Answer by May 31, 2023. On May 31, Jared Moala sought an extension of time for Pacific to secure counsel. The request was granted, and Pacific was given until July 31, 2023, to secure counsel and enter its Answer. Nothing was filed on the docket by Pacific by that date.

On August 15, 2023, INSCO filed an Application for Clerk's Entry of Default against Pacific, which was granted on August 16, 2023. In addition, INSCO filed a Motion for Sanctions and a Motion to Compel Jared Moala to file an Amended Answer. INSCO argued that Moala's Answer filed on May 9, 2023 was deficient because he only filed a general denial and did not specifically admit or deny the Complaint's allegations.

On September 25, 2023, after Judge Birzer conducted a Zoom hearing in which Jared Moala failed to appear, Judge Birzer granted INSCO's motion, awarding 1.5 hours in attorney fees, to INSCO. In addition, Judge Birzer ordered Jared Moala to file an Amended Answer by October 9, 2023, in which he fully complied with Fed. R. Civ. P. 8 and 11. Jared Moala was ordered to specifically respond to the allegations set forth in the Complaint instead of asserting a general denial. Jared Moala failed to file anything.

On October 10, 2023, John Moala filed an Answer. His Answer was identical to Jared Moala's previous Answer, except for the signature line. John's Answer also included Pacific in it although the Court previously issued an Order stating that Pacific could not proceed pro se and

must secure counsel. On November 22, 2023, INSCO filed another Motion for Sanctions and a Motion to Compel John Moala to file an Amended Answer. This motion is substantially the same as the previous motion filed by INSCO, except it is now directed toward John Moala instead of Jared Moala. It remains pending before Judge Birzer as John Moala's time to respond to that motion has not yet expired.

In the meantime, on September 19, 2023, INSCO filed the current motion before the Court. It seeks default judgment against Pacific and judgment on the pleadings against Jared and John Moala. No response to the motion was filed, and the time to do so has expired. Thus, INSCO's motion is unopposed.

## II.     Analysis

**A.     INSCO's Motion for Default Judgment**

INSCO seeks an entry of default judgment against Pacific in the amount of $166,584.37 plus costs and interest, which will continue to accrue at 1.5% per month until all outstanding amounts are paid in full. Pursuant to Fed. R. Civ. P. 55, there is a two-step process to obtain a default judgment when a party has "failed to plead or otherwise defend" itself. Following entry of default by the clerk, Fed. R. Civ. P. 55(b)(1) allows the clerk to enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." And Rule 55(b)(2) allows the Court to enter a default judgment.

INSCO has satisfied the first step by obtaining an entry of default by the clerk against Pacific, and it now seeks default judgment against Pacific. INSCO, however, only seeks default judgment against Pacific, and there are three Defendants in the case. And INSCO's breach of contract and quantum meruit claims are asserted against all three Defendants.

Generally, "when multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits."[3] Here, there is no entry of default against Jared and John Moala, and there is no determination as to whether these Defendants are liable on the merits.[4] In addition, as noted above, there is a pending motion as to whether John Moala's Answer is sufficient. Nevertheless, he has filed an Answer and a general denial to the Complaint.[5] It would be inappropriate to enter default judgment against Pacific at the present time, and the Court finds that INSCO's motion is premature. Thus, it denies INSCO's motion for default judgment without prejudice.

**B.     Plaintiff's Motion for Judgment on the Pleadings**

INSCO also seeks judgment on the pleadings asserting that the pleadings demonstrate that Pacific is the alter ego of John and Jared Moala, and the Court should pierce the corporate veil and hold John and Jared Moala personally liable for Pacific's debt. Judgment on the pleadings under Rule 12(c) "is appropriate only when 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"[6] "If

---

[3] *Loring v. Kwal-Howels, Inc.*, 2013 WL 1304466, at *2 (D. Kan. 2013) (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)); *see also Jetcraft Corp. v. Banpais, S.A.*, 166 F.R.D. 483, 485 (D. Kan. 1996) ("Default judgment may not be awarded against one defendant where joint and several damages are sought from multiple defendants until the matter has been fully adjudicated with regard to all defendants or all defendants have defaulted.") (citing *Hunt*, 770 F.2d 145).

[4] The Court recognizes that INSCO has also filed a Motion for Judgment on the Pleadings and addresses that motion below.

[5] John Moala's Answer also appears untimely as he was served on September 14, 2023, and his Answer was due on October 5, 2023.

[6] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

the motion is brought by the plaintiff, the 'critical question is whether the defendant's answer raises issues of fact that would defeat the plaintiff's recovery.'"[7]

Here, INSCO's allegations are sufficient to state a claim for piercing the corporate veil. The question, however, is whether the pleadings conclusively demonstrate that the Court can pierce the corporate veil to hold John and Jared Moala personally liable for Pacific's actions. The Court concludes that it cannot do so at the present time.

Currently, as noted above, John Moala filed an Answer. In his Answer, he generally denies the allegations in the Complaint and states that he is not personally liable. Thus, judgment on the pleadings is not appropriate, and the Court denies INSCO's motion without prejudice.[8]

**IT IS THEREFORE ORDERED** that Plaintiff INSCO's Motion for Default Judgment and Judgment on the Pleadings (Doc. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Smith v. Amazon.com Servs. LLC*, 2021 WL 5371481, at *1 (D. Kan. 2021) (quoting *Volvo Fin. Servs. v. JRD Contracting, Inc.*, 2017 WL 8941065, at *2 (S.D. Ala. 2017)).

[8] The Court notes that this case continues to have an unusual procedural posture. At the time this motion was filed, Jared Moala had filed an Answer in which he asserted the same denials as John. Thus, judgment on the pleadings would not have been appropriate due to Jared's Answer. Since then, however, the Court found Jared's Answer deficient and ordered him to file an amended one. Jared failed to file an Amended Answer, and thus Jared does not have an appropriate Answer before the Court.