## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

INSCO ENVIRONMENTAL, INC.,

*Plaintiff,*

vs.

Case No. 23-CV-2164-EFM-GEB

PACIFIC ENVIRONMENTAL GROUP, LLC, ET AL.,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff INSCO Environmental, Inc. filed suit against Defendants Pacific Environmental Group, LLC ("Pacific"), W. John Moala, and E. Jared Moala. INSCO claims that Defendants failed to pay it for the services it provided and seeks to pierce Pacific's corporate veil to impose personal liability upon the Moalas. Before the Court is INSCO's second Motion for Default Judgment and Judgment on the Pleadings (Doc. 40). INSCO seeks default judgment against all Defendants in the amount of $179,458.67, plus costs and interest. In addition, INSCO seeks judgment on the pleadings under Fed. R. Civ. P. 12(c) and requests that the Court pierce the corporate veil and hold John and Jared Moala personally liable for Pacific's amount. For the reasons set forth in more detail below, the Court grants INSCO's motion.

## I.        Factual and Procedural Background[1]

INSCO is a corporation providing specialty construction services in Kansas, Missouri, and the surrounding areas.  Pacific is a Texas limited liability company with its principal place of business in Texas.  W. John Moala and E. Jared Moala are directors and members of Pacific, and they both reside in Texas.

Around June 8, 2022, Pacific contracted with the United States of America to provide asbestos abatement services at Fort Leavenworth in Leavenworth, Kansas (the "Prime Contract"). The next day, Pacific accepted INSCO's bid to complete the first order for asbestos abatement services for five buildings under the Prime Contract and entered into a Subcontract Agreement with INSCO.  On or around September 8, 2022, Pacific entered into another Subcontract Agreement with INSCO for a second order of asbestos abatement services.

The Subcontract Agreements expressly incorporated the terms and conditions set forth in INSCO's bid proposals.  INSCO timely completed the asbestos abatement services and submitted three invoices on July 29, 2022, August 26, 2022, and October 28, 2022, totaling $140,765.  Pacific invoiced the United States for INSCO's services on August 23, 2022, September 9, 2022, and November 8, 2022, in the total amount of $176,577.

Pursuant to the Subcontract Agreements, Pacific was required to pay INSCO "upon full, faithful and prompt performance" of its services.  The Subcontract Agreements included a clause that all unpaid invoices were subject to an interest charge of 1.5% per month, which would begin

---

[1] These facts are taken from the Complaint, the exhibits attached to the Complaint, and the exhibits attached to INSCO's (second) Motion for Default Judgment and Judgment on the Pleadings.

accruing the day after the payment was due and would be added to the outstanding balance each month.  There were no issues related to INSCO's workmanship.

Pacific received payment from the United States under the Prime Contract for INSCO's services, but Pacific failed and refused to pay INSCO for its services.  INSCO attempted to resolve the payment disputes informally numerous times, but Pacific ignored INSCO's demands.

On February 2, 2023, John and Jared Moala made the voluntary decision to wind up Pacific's business pursuant to the Texas Business Organizations Code and filed a Certificate of Termination with the Texas Secretary of State.  Pacific took this action without warning INSCO. Pacific did not send a written notice of the winding up to INSCO, as required by the Texas Business Organizations Code.  In addition, Pacific did not discharge its liabilities and obligations to INSCO or make adequate provision for the discharge of its liabilities and obligations, as required by the Texas Business Organizations Code.  Pacific deliberately failed to comply with these provisions because Pacific was aware that it owed INSCO for outstanding and unpaid invoices and did not discharge those liabilities.

In early February 2023, Robert Wedgeworth, an INSCO partner, texted Lisia Moala, a Pacific employee, about Pacific's overdue invoices.  Ms. Moala apologized by text and stated that she would check the payment status that afternoon.  Ms. Moala did not inform Mr. Wedgeworth that Pacific had filed a Certificate of Termination or that Pacific had no intention of paying the outstanding invoices.

After this text message, neither Ms. Moala nor any other employee for Pacific contacted INSCO to discuss the invoices.  Instead, John and Jared Moala deleted Pacific's website, changed Pacific's status to inactive on SAM.gov, vacated Pacific's office space, and disconnected Pacific's and its employees' phone lines.  Pacific still has not paid INSCO.

On April 17, 2023, INSCO filed its Complaint against Pacific, John Moala, and Jared Moala. INSCO asserts three claims: (1) alter ego, (2) breach of contract, and (3) quantum meruit/unjust enrichment.

Defendant Pacific failed to secure counsel or file a responsive pleading as ordered by the Court on May 10, 2023, and June 8, 2023. Because Pacific is a corporate entity, it cannot appear in Court without representation. A clerk's entry of default was entered against Pacific on August 16, 2023.

Defendants Jared Moala and John Moala filed answers in the form of general denials on May 9, 2023, and October 10, 2023, respectively. Judge Birzer ordered both Defendants to file amended answers. Jared Moala failed to comply with the Court's order to file an amended answer by October 9, 2023. John Moala failed to comply with the Court's order to file an amended answer by January 23, 2024. A clerk's entry of default was entered against Jared Moala and John Moala on February 8, 2024.

On February 29, 2024, INSCO filed a Motion for Default Judgment and Judgment on the Pleadings.[2] No response to the motion has been filed, and the time to do so has expired. Thus, INSCO's motion is unopposed.

## II.    Analysis

### A.    INSCO's Motion for Default Judgment

INSCO seeks an entry of default judgment against all Defendants in the amount of $179,458.67, plus costs and interest, which will continue to accrue at 1.5% per month until all

---

[2] INSCO previously filed a motion for default judgment and motion for judgment on the pleadings on September 19, 2023. The Court denied the motions without prejudice because there was no clerk's entry of default against Jared and John Moala. *See* Doc. 32.

outstanding amounts are paid in full.   Pursuant to Fed. R. Civ. P. 55, there is a two-step process to obtain a default judgment when a party has "failed to plead or otherwise defend" itself.  First, "the clerk must enter the party's default."[3]  Following entry of default by the clerk, Fed. R. Civ. P. 55(b)(1) allows the clerk to enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or Rule 55(b)(2) allows the Court to enter a default judgment.

A default judgment establishes liability.[4]  However, "a default judgment does not establish the amount of damages."[5]  Instead, the record must reflect the basis for damages, either by affidavit or through a hearing.[6]

INSCO has already satisfied the first step under Rule 55 by obtaining an entry of default by the clerk against all Defendants.  As to the second step, INSCO does not specifically state whether it is seeking default judgment under Rule 55(b)(1) or 55(b)(2).  However, INSCO states that it is seeking a sum certain of $179,458.67, plus costs and interest, which will continue to accrue at the contractually provided rate of 1.5% per month until all outstanding amounts are paid in full.

After reviewing INSCO's pleadings, documents attached to the pleadings, and affidavits setting forth facts supporting INSCO's computations of damages, the Court finds that INSCO is entitled to default judgment under Rule 55(b)(1).  INSCO asserts a breach of contract claim against Defendants for their failure to pay INSCO under three Subcontract Agreements.  Pursuant to the

---

[3] Fed. R. Civ. P. 55(a).

[4] *Hermeris, Inc. v. McBrien*, 2012 WL 1091581, at *1 (D. Kan. 2012)

[5] *Mathiason v. Aquinas Home Health Care*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016).

[6] *Id.* at 1275.

Subcontract Agreements, Pacific agreed to pay INSCO $40,954, $71,776, and $28,035, totaling $140,765.  In addition, the Subcontract Agreements provide that Pacific's unpaid balances were subject to a 1.5% interest charge, beginning to accrue on the eighth day after Pacific received payment from the federal government.[7]  Pacific received payment on September 15, 2022, September 21, 2022, and November 27, 2022.  Pacific never paid INSCO for the work INSCO performed and still has not paid INSCO.  As of the date INSCO's Motion for Default Judgment was filed, interest had accrued in the amount of $11,708.01, $20,249.98, and $6,735.68, totaling $38,693.67.  Thus, Defendants owe INSCO $179,458.67.  Due to the entry of default against Defendants, and INSCO's demonstration of a sum certain of $179,458.67, INSCO is entitled to a default judgment against Defendants.

## B.      Plaintiff's Motion for Judgment on the Pleadings

INSCO also seeks judgment on the pleadings asserting that the pleadings demonstrate that Pacific is the alter ego of John and Jared Moala, and the Court should pierce the corporate veil to hold John and Jared Moala personally liable for Pacific's debt.  Judgment on the pleadings under Rule 12(c) is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[8]  "If the motion is brought by the plaintiff, the 'critical question is whether the defendant's answer raises issues of fact that would defeat the plaintiff's recovery.'"[9]

---

[7] Pacific entered into the Prime Contract with the federal government for asbestos removal.

[8] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quotation marks and citation omitted).

[9] *Smith v. Amazon.com Servs. LLC*, 2021 WL 5371481, at *1 (D. Kan. 2021) (quoting *Volvo Fin. Servs. v. JRD Contracting, Inc.*, 2017 WL 8941065, at *2 (S.D. Ala. 2017)).

The alter ego doctrine imposes "liability on the individual who uses a corporation merely as an instrumentality to conduct his own personal business."[10]  INSCO's allegations provide that John and Jared Moala used Pacific as an instrumentality to conduct their own business.  INSCO alleges that Pacific failed to observe corporate formalities and was an undercapitalized entity.  In addition, INSCO alleges that Pacific did not have sufficient funds or resources to carry out the terms of its Subcontract Agreements with INSCO.  Finally, INSCO alleges that Pacific transferred corporate funds to avoid corporate debts and fraudulently secured payments from the federal government for services performed by INSCO before voluntarily dissolving the Pacific business entity.  The allegations demonstrate that Pacific refused to pay INSCO after receiving payment for INSCO's services, and John and Jared Moala then deleted Pacific's website, changed Pacific's status to inactive on SAM.gov, vacated Pacific's office space, and disconnected Pacific's phone lines.

Here, John and Jared Moala did not file an Amended Answer as directed by the Court. Consequently, an entry of default was entered against all three Defendants.  "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."[11]    INSCO's allegations are sufficient to state a claim for piercing the corporate veil. And due to Defendants' default, Defendants cannot contest these allegations.  Accordingly, the Court grants INSCO's motion for judgment on the pleadings to pierce the corporate veil of Pacific and hold John Moala and Jared Moala responsible for Pacific's obligations.

---

[10] *Sampson v. Hunt*, 233 Kan. 572, 665 P.2d 743, 751 (1983).

[11] *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1154 (D. Kan. 2018) (quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff INSCO's Motion for Default Judgment and Judgment on the Pleadings (Doc. 40) is **GRANTED**.  The Clerk of the Court is directed to enter default judgment against Defendants in the amount of $179,458.67, plus interest accruing at 1.5% per month, until all outstanding amounts are paid in full.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE